ACCEPTED
04-15-00006-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
6/11/2015 4:20:42 PM
KEITH HOTTLE
CLERK

## NO. 04-15-00006-CV

### IN THE COURT OF APPEALS
### FOURTH JUDICIAL DISTRICT
### SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

6/11/2015 4:20:42 PM

KEITH E. HOTTLE
Clerk

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ROBERT TYSON, CARL AND KATHY TAYLOR
### LINDA AND RON TETRICK, JIM AND NANCY WESCOTT and
### PAUL AND RUTHIE NILSON
**Appellants**

**v.**

### ROBERT N. FREEMAN, II
**Appellee**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### On Appeal From
### The 198th Judicial District Court
### of Bandera County, Texas

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### BRIEF  FOR APPELLEE

**MOSTY LAW FIRM**
Richard C. Mosty
C. Dixon Mosty
222 Sidney Baker, Suite 400
Kerrville, Texas 78028

Attorneys for Appellee,
Robert N. Freeman, II

# NO. 04-15-00006-CV

## IN THE COURT OF APPEALS
## FOURTH JUDICIAL DISTRICT
## SAN ANTONIO, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ROBERT TYSON, CARL AND KATHY TAYLOR
## LINDA AND RON TETRICK, JIM AND NANCY WESCOTT and
## PAUL AND RUTHIE NILSON
### Appellants

### v.

## ROBERT N. FREEMAN, II
### Appellee

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## On Appeal From
## The 198th Judicial District Court
## of Bandera County, Texas

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## APPELLEE'S BRIEF

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MOSTY LAW FIRM**
C. Dixon Mosty
Richard C. Mosty
222 Sidney Baker, Suite 400
Kerrville, Texas 78028
Attorneys for Appellee,
Robert N. Freeman, II

## ORAL ARGUMENT NOT REQUESTED

# IDENTITY OF PARTIES & COUNSEL

| Parties | Counsel |
|---|---|
| Robert Tyson<br>Carl and Kathy Taylor<br>Linda and Ron Tetrick<br>Jim and Nancy Wescott<br>Paul and Ruthie Nilson<br>**Appellants** | **Trial:** Carole K. Boyd<br>15751 Hwy. 16 North<br>Medina, Texas 78055<br><br>**Appellate:** Carole K. Boyd<br>15751 Hwy. 16 North<br>Medina, Texas 78055 |
| Robert N. Freeman, II<br>**Appellee** | **Trial:** C. Dixon Mosty<br>Richard C. Mosty<br>Mosty Law Firm<br>222 Sidney Baker St., Ste. 400<br>Kerrville, Texas 78028<br><br>**Appellate:** C. Dixon Mosty<br>Mosty Law Firm<br>222 Sidney Baker St., Ste. 400<br>Kerrville, Texas 78028<br>Tel: (830) 792-7711<br>Fax: (830) 792-7717 |
| Demar Boren and Lorena Yeates<br>**Appellees** | **Trial:** Stephen B. Schulte<br>820 Main St., Suite 100<br>Kerrville, Texas 78028<br><br>**Appellate:** Stephen B. Schulte<br>820 Main St., Suite 100<br>Kerrville, Texas 78028 |
| Trial Judge: | Hon. M. Rex Emerson<br>700 Main St., 2nd Floor<br>Kerrville, Texas 78028 |

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ............................ ii

TABLE OF CONTENTS ......................................... iii-iv

INDEX OF AUTHORITIES ...................................... v-vi

STATEMENT OF THE CASE ...................................... 1

STATEMENT ON ORAL ARGUMENT ................................ 2

APPELLEE'S ISSUES RESTATED ................................. 3

**APPELLEE'S ISSUE NO. ONE (Restated)** ...................... 6

THE DISTRICT COURT DID NOT ERR IN REJECTING
CERTAIN EVIDENCE.

**APPELLEE'S ISSUE NO. TWO (Restated)** ..................... 13

APPELLANTS ARGUE FOR ADDITIONAL DISCOVERY,
HOWEVER, APPELLANTS DID NOT REQUEST A CONTINUANCE.

**APPELLEE'S ISSUE NO. THREE (Restated)** ................... 14

THE MOTION FOR REHEARING WAS PROPERLY DENIED

**APPELLEE'S ISSUE NO. FOUR (Restated)** ................... 15

THE MOTION FOR SEVERANCE WAS PROPERLY GRANTED.

**APPELLEE'S ISSUE NO FIVE (Restated)** ..................... 16

THE MOTION TO WITHDRAW DEEMED ADMISSIONS
IS NOT A PART OF THIS CASE, OR APPEAL, AND
SHOULD NOT BE CONSIDERED.

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-16

CONCLUSION AND PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

# INDEX OF AUTHORITIES

**CASES:**                                                                **PAGE NO.**

*Dubois v. Harris County,* 866 S.W.2d 787 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
(Tex. App.–Houston [14th Dist.] 1993)

*McConathy v. McConathy,* 869 S.W.2d 341 (1994) . . . . . . . . . . . . . . . . . . . . . . . 8

*Harris v. Varo, Inc.,* 814 S.W.2d 520 (Tex. App. 1991) . . . . . . . . . . . . . . . . . . . 9

*Deerfield Land Joint Venture v. Southern Union Realty Co.* . . . . . . . . . . . . . . . . 9
758 S.W.2d 608, (Tex.App.——Dallas 1988, writ denied)

*Gulley v. Davis,* 321 S.W.3d 213 (Tex. App. 2010) . . . . . . . . . . . . . . . . . . . 10,11

*Litchenburg v. Conmed Corp.,* No. 010700230V, 2008 WL 598267, . . . . . . . . . 10
(Tex. App. Mar. 6, 2008)

*Keever v. Hall & Northway Adver., Inc.* 727 S.W.2d 704 (Tex. App. 1987) . . . . 10

*Morgan v. Anthony,* 27 S.W.3d 928 (Tex. 2000) . . . . . . . . . . . . . . . . . . . . . . . . 11

*Perry v. Houston Indep. Sch. Dist.,* 902 S.W.2d 544 . . . . . . . . . . . . . . . . . . . . . 11
(Tex. App. 1995), rit dismissed w.o.j. (Aug. 1, 1995)

*In re Estate of Abernathy,* 390 S.W.3d 431 (Tex. App. 2012) . . . . . . . . . . . . . . 12

*Rankin v. Union Pac. R. Co.,* 319 S.W.3d 58 (Tex. App. 2010) . . . . . . . . . . . . . 13

*Tenneco Inc. v. Enter. Prods. Co.,* 925 S.W.2d 640 (Tex.1996) . . . . . . . . . . . . . 13

*Blake v. Intco Investments of Texas, Inc.,* 123 S.W.3d 521 . . . . . . . . . . . . . . . . 13
(Tex.App.-San Antonio 2003, no pet.).

*Cherokee Water Co. v. Forderhause,* 641 S.W.2d 522 (Tex.1982) . . . . . . . . . . . 15

*Guidry v. Nat'l Freight, Inc.,* 944 S.W.2d 807, . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
(Tex.App.-Austin 1997, no writ)

*Arredondo v. City of Dallas*, 79 S.W.3d 657 (Tex. App. 2002) . . . . . . . . . . . . . . . 15

**RULES:**                                                    **PAGE NO.**

Texas Rules of Evidence 901 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Texas Rules of Civil Procedure 166a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Texas Rules of Civil Procedure 41 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## STATEMENT OF THE CASE

The individual Appellants entered into leases at an RV Park operated by a Texas Limited Partnership, Medina Livestock Sales Company, Ltd. ("Medina"). After problems arose with the leases, Appellants sued both the partnership and Robert N. Freeman II ("Roby Freeman"), individually. Roby Freeman has an ownership interest in an entity that is the limited partner of Medina Livestock Sales Company, Ltd., and he is also a practicing attorney.

Roby Freeman moved for Summary Judgment on the basis that he did not enter into any leases with the Appellants; he did not make any representations to the Appellants; he was not the agent of Medina who negotiated the leases; and he did not represent them as an attorney. All of these facts were unequivocally admitted by the Appellants in response to Requests for Admissions. On this basis, the Trial Court granted summary judgment as to Roby Freeman, individually. Claims against Roby Freeman were then severed from the pending litigation, and there is ongoing litigation between Appellants and Medina Livestock Sales Company, Ltd. (The "Medina Litigation").

## STATEMENT ON ORAL ARGUMENT

Appellee, Roby Freeman, does not believe that oral argument is necessary in this case relating to the factual background. However, Appellants have included in this appeal (and as a large part of their argument) subsequent rulings by the Hon. Rex Emerson in the Medina Litigation, which are not part of the Record in this appeal. As an example, Appellant references rulings in the Medina Litigation, which were made on March 25, 2015, long after Appellants' Notice of Appeal was filed on November 14, 2014.

Appellants cannot direct this Court to some of the rulings they contest, because they are not a part of the Clerk's Record in this appeal. However, Appellants do not make a clear distinction in their Brief between the separate issues and the separate lawsuits. To the extent that the Court thinks it would be helpful to clear up this confusion, Appellee would suggest oral argument may be appropriate.

## APPELLEE'S ISSUES RESTATED

### APPELLEE'S ISSUE NO. ONE (Restated)

THE DISTRICT COURT DID NOT ERR IN REJECTING CERTAIN EVIDENCE.

### APPELLEE'S ISSUE NO. TWO (Restated)

APPELLANTS ARGUE FOR ADDITIONAL DISCOVERY, HOWEVER, APPELLANTS DID NOT REQUEST A CONTINUANCE.

### APPELLEE'S ISSUE NO. THREE (Restated)

THE MOTION FOR REHEARING WAS PROPERLY DENIED.

### APPELLEE'S ISSUE NO. FOUR (Restated)

THE MOTION FOR SEVERANCE WAS PROPERLY GRANTED.

### APPELLEE'S ISSUE NO. FIVE (Restated)

THE MOTION TO WITHDRAW DEEMED ADMISSIONS IS NOT A PART OF THIS CASE, OR APPEAL, AND SHOULD NOT BE CONSIDERED.

## STATEMENT OF FACTS

This litigation stems from leases in an RV Park between Appellants and Medina Livestock Sales Company, Ltd., at Texas Limited Partnership ("Medina"). CR 93. Appellants acknowledge that Medina entered into certain leases with the Appellants on property in Bandera County, Texas. CR 93. Appellants further acknowledge that Medina later sold the Property, and there was substantial history thereafter with the new owner relating to the leases, including a bankruptcy filing by the subsequent owner and associated litigation in Bankruptcy Court. CR 40.

However, very little of the factual history cited by Appellants is properly before this Court or at issue in this appeal. The Court will note that almost all of the citations to the Clerk's Record in Appellants' Statement of Facts are citations to the Plaintiffs' First Amended Petition. These facts were not before the Trial Court when it considered summary judgment motions, and they are not properly before this Court.

The basis of the Plaintiffs' claim is that they entered "lifetime leases" that were declared illegal in a bankruptcy court. CR 40. If this Court chooses to consider certain evidence, it will note that the leases were never declared "illegal" in any written court order. They were declared "voidable" by a bankruptcy judge. This matter relating to the Leases was extensively litigated in the bankruptcy court.

After the bankruptcy litigation, the Appellants sued both Medina and Appellee,

4

Robert N. Freeman, II ("Roby Freeman"), in his individual capacity. The Appellants did not make an alter-ego allegation in their pleadings, instead, they chose to pursue claims against Roby Freeman based solely on his own actions. CR 36-50.

Appellants did not enter into any lease with Roby Freeman. CR 93. Roby Freeman was not the agent of Medina who negotiated the Leases. CR 93. Roby Freeman, who is an attorney, did not represent the Appellants as an attorney. CR 93. Roby Freeman did not make a single representation to the Appellants regarding the Leases. CR 93. All of these facts are unequivocally admitted by the Appellants. These admissions were attached to, and formed the basis for Roby Freeman's Motion for Summary Judgment.[1] Based on these admissions, the Appellants' claims against Roby Freeman were correctly denied as a matter of law.

## SUMMARY OF ARGUMENT

There is no legal basis for the Appellants to assert individual liability against Roby Freeman. Moreover, the Appellants have admitted facts which preclude all of their claims against Roby Freeman as a matter of law. The Trial Court correctly ruled that all of the Appellants' claims against Roby Freeman are precluded as a matter of

---

[1] It should be noted that these issues were actually admitted by the Plaintiffs, they were not "deemed admitted." In this appeal, Appellants include a subsequent ruling by the Hon. Judge Emerson (in the Medina Litigation) that certain items be "deemed admitted." *See* Appellants' Brief at p. 15. Roby Freeman's Motion for Summary Judgment (which is the only issue properly before this Court) did not rely on any deemed admissions.

law. With respect to Appellants' evidentiary arguments, Roby Freeman contends that the Trial Court correctly ruled on the evidence, or, in the alternative, that any error was harmless. Moreover, the Appellants make absolutely no attempt to explain to this Court how any portion of the excluded evidence would have resulted in a different ruling.

## ARGUMENT AND AUTHORITIES

Appellants contend that Roby Freeman's Traditional Motion for Summary Judgment is actually a No-Evidence Motion for Summary Judgment. After categorizing Roby Freeman's Traditional Motion as a No-Evidence Motion, the Appellants then complain because it was not properly named.

Roby Freeman's Motion for Summary Judgment was a traditional motion based on actual admissions by each of the Appellants. These admissions were attached to Roby Freeman's motion. Roby Freeman did not file a no-evidence motion, and it was properly considered by the Trial Court as a Traditional Motion for Summary Judgment. Appellants' entire argument is predicated on the incorrect allegation that Roby Freeman's motion is actually a no-evidence motion.

## 1. The District Court Did Not Err in Rejecting Certain Evidence

Appellants contend that the District Court erred in rejecting all of Appellants' summary judgment evidence. However, the District Court did not reject all of

6

Appellants' Summary Judgment evidence. After its original ruling, the District Court specifically stated that it considered most of the excluded evidence of which Appellants now complain.

Appellants make no attempt to detail to this Court exactly what evidence was excluded, much less what impact it may have had on the Trial Court, if allowed. As an example, Appellants never address what evidence, if considered, might constitute a representation by Roby Freeman to establish their tort claims. Appellants further make no attempt to associate any of the included or excluded evidence to the actual causes of action. The actual elements of the causes of action pled by Appellants are not even mentioned in their Brief. Appellants certainly do not attempt to relate any of the evidence (excluded or otherwise) to the elements of the causes of action on which summary judgment was granted.

For clarification to this Court, the Appellants attached four exhibits to their oppositions to the motion for summary judgments, as follows:

Exhibit A: Unauthenticated Transcript of Bankruptcy Hearing

Exhibit B: Unauthenticated Bankruptcy Court Order

Exhibit C: Unauthenticated Letter

Exhibit D: Deposition Excerpts

CR 292-324. All four of the exhibits were originally excluded based on objections

7

timely made by Appellee.

Appellants did not address the specific evidence which they contend was wrongfully excluded, much less address what impact consideration of specific evidence would have on the Trial Court. Because the Appellants' complaints regarding the evidence are not clearly identified, Roby Freeman contends that Appellants have waived their complaint to those specific items of evidence on that basis. In the alternative, Roby Freeman will address each of the evidentiary issues as follows:

**A.    Deposition Excerpts Were Considered**

The primary argument made by the Appellants is that certain deposition excerpts were initially excluded by the Trial Court. However, everyone involved subsequently discovered that the case cited by Appellees was no longer good law and that unsworn deposition excerpts can be considered. *Dubois v. Harris County*, 866 S.W.2d 787, 791 (Tex. App.–Houston [14th Dist.] 1993); compare *McConathy v. McConathy*, 869 S.W.2d 341 (1994).

Appellants seem to contend that counsel knowingly cited bad law to the Trial Court. However, in a Westlaw review, there is absolutely no indication that the *Dubois* opinion is not good law. *See Dubois v. Harris County*, 866 S.W.2d 787, 791 (Tex. App.–Houston [14th Dist.] 1993). Moreover, the initial case cited by Dubois

8

on this proposition, *Harris*, also appears to be good law. *See Harris v. Varo, Inc.*, 814 S.W.2d 520, 523 (Tex. App. 1991). This first indication that this may not be good law is the third underlying case. *See Deerfield Land Joint Venture v. Southern Union Realty Co.*, 758 S.W.2d 608, 610 (Tex.App.——Dallas 1988, writ denied).

Admittedly, Appellee's counsel did not go three cases back to confirm a cite that did not appear to have any issue. Appellee's counsel therefore did not know that the *Dubois* case was bad law at the time of the hearing, and apparently Westlaw has not picked up on it either.

When the issue was brought to the attention of all concerned, counsel for Appellee readily acknowledged his mistake and agreed to let the Trial Court consider the deposition excerpts. The Trial Court did consider the deposition excerpts, and the order of the Trial Court, dated October 21, 2014, specifically states that "after considering the additional deposition excerpts, the Court affirms its previous granting of the Motion for Summary Judgment filed by Robert N. Freeman, II." CR 491. Appellants make no mention to this Court that the very evidence they complain was excluded, deposition excerpts of Lorena Yeates, was later expressly considered by the Trial Court. This argument is, at best, a red herring.

**B.    Authentication**

The Appellants also attached three unauthenticated documents to their

9

response, with no predicate whatsoever. These documents are not authenticated in any manner, and are therefore not admissible. *See* Texas Rules of Evidence 901.

Even if one were to assume that the Trial Court erred by excluding certain evidence, any error is harmless because the Trial Court's judgment did not turn on the evidence. *Gulley v. Davis*, 321 S.W.3d 213, 217 (Tex. App. 2010). Appellants do not even address the second aspect of the analysis by explaining to this Court how the excluded evidence raises a fact issue. If the excluded evidence does not raise a fact issue, then the exclusion is harmless. *See i.e. Litchenburg v. Conmed Corp.*, No. 010700230V, 2008 WL 598267, at *5 (Tex. App. Mar. 6, 2008).

As an example, the existence of a bankruptcy court order does not change the fact that the Appellants repeatedly acknowledge that Roby Freeman did not make ANY representation to them. CR 93. Assuming it was improperly excluded, any perceived error in excluding this evidence was harmless error.

## C. A Party May Not Rely on Its Own Discovery Responses as Summary Judgment Evidence

The general rule is that a party may not rely on its own discovery responses as summary judgment evidence. *See i.e. Keever v. Hall & Northway Adver., Inc.* 727 S.W.2d 704, 705 (Tex. App. 1987). There is a potential distinction to this rule when deposition excerpts are considered in addition to discovery responses, which is not

10

an issue in this case. *See i.e. Morgan v. Anthony*, 27 S.W.3d 928, 929 (Tex. 2000).

Appellants make a blanket contention that non-movant may use a movant's own exhibit to establish the existence of a fact question. *Perry v. Houston Indep. Sch. Dist.*, 902 S.W.2d 544, 547-48 (Tex. App. 1995), writ dismissed w.o.j. (Aug. 1, 1995). As a general proposition of law, this is correct. However, in *Perry*, the Court considered a petition and affidavit that were attached to the movant's motion for summary judgment. *Perry v. Houston Indep. Sch. Dist.*, 902 S.W.2d 544, 547 48 (Tex. App. 1995), writ dismissed w.o.j. (Aug. 1, 1995). *Perry*, and the cases that it cites, do not abrogate the rule that a party may not rely on its own discovery responses as summary judgment evidence.

As with the other evidence, even if it were considered, Appellants do not attempt to point this Court to any evidence in their own discovery responses which would change the ruling of the Trial Court. Assuming that the Trial Court erred by excluding certain unidentified evidence, any error is harmless because the Trial Court's judgment did not turn on the evidence. *Gulley v. Davis*, 321 S.W.3d 213, 217(Tex. App. 2010). The Trial Court relied on the Appellants' own admissions to conclude that Roby Freeman was not individually liable as a matter of law.

**D.    No Evidence of Harm by Excluded Evidence**

Although addressed previously, Appellee contends that is worth noting

11

specifically that Appellants focus almost entirely on the exclusion of evidence, but never address the harm caused by such exclusion. Appellee contends that there is no harm associated with the excluded evidence. Appellee also contends that the failure to address the alleged "harm" of the excluded evidence, and the failure to tie any of the excluded evidence to the causes of action, should also be dispositive.

The Texas Court of Appeals in El Paso considered a very similar brief, and remarked as follows:

> Smith has failed to meet her burden of showing harm. In her brief, Smith never discusses, much less provides any argument explaining: (1) how the allegedly erroneously excluded evidence was controlling on a material issue dispositive of the case; and (2) how the outcome would have been different had the trial court not sustained the particular objections Achor raised. *See Able*, 35 S.W.3d at 617; *Owens*, 229 S.W.3d at 548; *In re M.S.*, 115 S.W.3d at 538. Rather, in her initial brief and reply brief, Smith devotes her entire argument attempting to establish that the trial court erred by sustaining the two specific objections lodged by Achor that Smith challenges on appeal. Because Smith focused exclusively on showing error and neglects to show the required harm, we hold that Smith failed to establish that the trial court abused its discretion in excluding her summary judgment response and evidence . . .

*In re Estate of Abernathy*, 390 S.W.3d 431, 437 (Tex. App. 2012). The brief at issue in *Abernathy* is akin to the brief in this case. Appellants devote their entire argument to generally complaining about the rulings on the excluded evidence. Appellants make no attempt to explain to this Court to how the excluded evidence affects their

12

causes of action and would be controlling or outcome derivative.[2]

## 2. Appellants Argue for Additional Discovery, However, Appellants Did Not Request a Continuance

Appellants complain about not being able to conduct additional discovery. However, there is no question that Appellants did not file an affidavit explaining the need for further discovery or a verified motion for continuance.

This Court has recognized that "when a party contends it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance." *Rankin v. Union Pac. R. Co.*, 319 S.W.3d 58, 67 (Tex. App. 2010) (citing *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex.1996); *Blake v. Intco Investments of Texas, Inc.*, 123 S.W.3d 521, 524 (Tex.App.-San Antonio 2003, no pet.).

By not requesting a continuance, there was no way for the Trial Court to consider all of the arguments made for the first time on appeal about deposition dates and obtaining depositions. Moreover, there was no opportunity for counsel for Roby Freeman to respond to the frivolous arguments regarding deposition dates. These issues are being raised for the very first time on appeal. By not filing an affidavit or

---

[2] Along the same lines, Appellants also do not make any attempt to explain to this Court why their own admissions do not preclude their own causes of action.

13

a verified motion for continuance, Appellants waived their right to seek a continuance and additional discovery.

### 3. The Motion for Rehearing Was Properly Denied

After the ruling on Roby Freeman's Motion, Appellants filed a Request for Rehearing and Opportunity to Remedy. CR 454-477. Appellants also filed, without leave of court, additional deposition transcripts with the Court, those of Demar Boren. It is unclear from Appellants' Brief whether they are also asking that this Court consider this evidence. However, if this were permitted, a party could continually reargue their summary judgment response and motion and add evidence at any time after the hearing, thereby eviscerating response deadlines in Texas Rule of Civil Procedure 166a.

As previously addressed, at the subsequent hearing, counsel for Roby Freeman agreed that the Trial Court should consider the deposition testimony of Lorena Yeates. The Trial Court acknowledged the agreement of Appellants to consider deposition excerpts, and the Court ordered as follows: "1. After considering the additional deposition excerpts, the Court affirms its previous granting of the Motion for Summary Judgment filed by Robert N. Freeman, II." CR 491. The deposition excerpts raised by the Appellant's Motion were considered, as requested, and the trial court properly ruled on those issues and denied the Motion.

14

**4. The Motion for Severance Was Properly Granted**

Roby Freeman was sued in his individual capacity, although all of the Appellants dealt with Medina Livestock Sales Company, Ltd. On August 27, 2014, this Court granted Roby Freeman's Motion for Summary Judgment, thereby dismissing, and finally adjudicating all of the Appellants' claims against Roby Freeman, individually.

Various claims exist between the remaining parties to the Medina Litigation, but there are no pending claims by or against Roby Freeman. Rule 41 of the Texas Rules of Civil Procedure provides that "[a]ny claim against a party may be severed and proceeded with separately." Tex. R. Civ. P. 41.

A trial judge is given broad discretion in the manner of severance and consolidation of causes. *Cherokee Water Co. v. Forderhause,* 641 S.W.2d 522, 526 (Tex.1982). Although the Trial Court need not sever an interlocutory summary judgment, the Trial Court does have broad discretion in determining whether to grant a severance. *Guidry v. Nat'l Freight, Inc.,* 944 S.W.2d 807, 812 (Tex.App.-Austin 1997, no writ). In addition, "if summary judgment in favor of one defendant is proper in a case with multiple defendants, severance of that claim is proper so it can be appealed." *Arredondo v. City of Dallas,* 79 S.W.3d 657, 665 (Tex. App. 2002)

This matter has been pending in some form or fashion for years. It was

litigated in Bankruptcy Court and in State Court. The trial judge acted entirely within his discretion in severing the claims against Roby Freeman from the remaining claims in the lawsuit.

**5.    The Motion to Withdraw Deemed Admissions is Not a Part of This Case, or Appeal, and Should Not Be Considered.**

Appellants finally complain about a ruling by the Hon. Rex Emerson in the Medina Litigation, not the case on appeal. This ruling was entered on March 25, 2015. For the Court's reference, Appellants' Notice of Appeal was filed on November 14, 2014, several months before the ruling in the Medina Litigation. CR 497-498. The Court will also note that the ruling complained of is not a part of the Clerk's Record, which was finalized long before this ruling.

Appellants cannot direct this Court to the rulings they contest, because they are not a part of the Clerk's Record, but Appellants do not make a clear distinction in their Brief between the separate issues and the separate lawsuits. Any issue regarding "deemed admissions" is not a part of this appeal, and should not be considered by this Court.

## CONCLUSION AND PRAYER

Appellee, Robert N. Freeman, II, submits that based upon the evidence presented and law, that the Trial Court's Judgment was in all things correct, and request that the Court affirm the judgment.

Respectfully submitted,

**MOSTY LAW FIRM**
222 Sidney Baker, Suite 400
Kerrville, Texas 78028
Telephone No. (830) 792-7711
Telefax No. (830) 792-7717

C. Dixon Mosty
State Bar No. 24041532
Email: cdmosty@mostylaw.com
**Attorneys for Appellee,**
**Robert N. Freeman, II**

## CERTIFICATE OF SERVICE

I certify that a true copy of Appellee's Brief was served on counsel of record on _____June 11_____, 2015, as follows:

Carole K. Boyd                                    Telefax No. (830) 589-7598
ckbesq@hctc.net
15751 Highway 16 North
Medina, Texas 78055

C. Dixon Mosty

17

# CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using WP X5, and contains 4211 words, as determined by the computer software's word-count function, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).

_____
C. Dixon Mosty

18